**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noel Edwart Stewart Hall, | No. CV-19-04858-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Christine Shipley, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Noel Edwart Stewart Hall's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, Plaintiff's complaint (Doc. 1) is dismissed with leave to amend. Also pending is Plaintiff's "Motion to Rule Ex Parte" (Doc. 7), which the Court construes as a motion for a temporary restraining order ("TRO") and denies.

**I. Plaintiff's Complaint Is Dismissed With Leave To Amend**

A. Statutory Screening of Complaints Filed By *Pro Se* Litigants

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice).

B. <u>Analysis</u>

The complaint asserts that Defendants discriminated against Plaintiff in violation of the Fair Housing Act ("FHA"). However, the complaint itself does not affirmatively allege

any facts at all; the "statement of claim" section of the pro se complaint form is conspicuously blank. (Doc. 1 at 4.)

Attached to the complaint is a form that Plaintiff submitted to the Arizona Attorney General's Office, Civil Rights Division. (Doc. 1-1 at 2.) In general, it is not the Court's responsibility to comb through the exhibits attached to a *pro se* complaint in an attempt to discern possible claims for relief. *Cf. Turner v. Grievance Coordinator*, 2014 WL 3002082, *3 (D. Nev. 2014) (dismissing complaint at the screening stage because "[t]he Court plainly informed plaintiff that all factual assertions relied upon to state his claims must be set forth within the four corners of his pleading" yet plaintiff made "no actual factual allegations in the amended complaint" and instead submitted "thirteen pages of exhibits attaching documents pertaining to grievances and disciplinary proceedings"). Nevertheless, in this case, the Court will attempt to do so.

In the attached complaint form, Plaintiff alleged the following facts:

> A. In or around July 16, 2018, [Plaintiff] signed a one year lease and moved into [a condominium unit ("the Leased Premises")].
>
> B. On June 13, 2019, [Plaintiff] was served with [a] Notice for Eviction because Respondent alleged [Plaintiff] made a threat to shoot the landlord's agents and associate parties. On June 27, 2019, [Plaintiff] received a thirty (30) Day Notice of Intent to not renew [Plaintiff's] lease and a notice was further provided that the landlord has decided to not renew [Plaintiff's] residential lease contract and [that Plaintiff] must vacate the Leased Premises no later than July 27, 2019.
>
> C. [Plaintiff has] been harassed and threatened by another tenant (non-British) whom [Plaintiff] reported to Respondent[,] and [Plaintiff disagrees] with Respondent that [Plaintiff has] harassed or threatened other tenants (non-British).
>
> D. [Plaintiff] believe[s] and therefore allege[s] that Respondent is in violation of the Arizona Fair Housing Act based on [his] National Origin, British, most recently on July 27, 2019.

(Doc. 1-1 at 2.)

Under the FHA, it is illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . national origin." 42 U.S.C. § 3604(b). An FHA discrimination claim can be brought under a theory of "disparate treatment" or

"disparate impact." *Gamble v. City of Escondido*, 104 F.3d 300, 304–05 (9th Cir. 1997). Here, Plaintiff's allegation appears to be that he was treated unfairly because he is British. This is a disparate treatment claim.

"To establish a prima facie case, plaintiff must allege facts showing that (1) his rights are protected under the FHA; and (2) he was concretely injured by the defendant's discriminatory conduct." *Wade v. Sacramento Hous. & Redevelopment Agency*, 2018 WL 6335411, *3 (E.D. Cal. 2018) (citing *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). "'Discriminatory conduct' in this context means intentional discrimination: treating someone less favorably than others *because of* a protected trait." *Id.* (citing *Texas Dep't of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 135 S.Ct. 2507, 2553 (2015). "Proof of discriminatory motive is crucial to a disparate treatment claim." *Gamble,* 104 F.3d at 305 (quotation omitted).

Plaintiff's allegation that he was discriminated against by another tenant for being British is a legal conclusion, not a factual allegation. When a British person is harassed by a non-British person, it does not inexorably follow that the harassment was fueled by anti-British bias. It was thus incumbent upon Plaintiff to allege *facts* suggesting the harassment arose due to a discriminatory motive. But the complaint and attached complaint form contain no such facts.

Plaintiff's allegations also fail for a different reason. As noted, he appears to be complaining he was harassed by another tenant due to his British heritage. However, he isn't suing the other tenant in this case—he's suing the property management company that operates his apartment building and the property manager. There is no allegation that either of those Defendants harassed and threatened Plaintiff due to his British heritage. To the contrary, the complaint form states that the property management company sought to evict him because he allegedly "made a threat to shoot the landlord's agents and associate[d] parties." (Doc. 1-1 at 2.) Although the complaint form also alleges that Plaintiff "reported" to the property management company that he was being harassed by another tenant, being aware of a squabble between tenants is not the same thing as affirmatively engaging in

1  Anglophobic discrimination in violation of the FHA.

2  The Court will thus dismiss the complaint with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017).

Plaintiff is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 5 at 7.)

**II. Plaintiff's "Motion To Rule Ex Parte" (Doc. 7) Is Construed As A Motion For A TRO And Denied Without Prejudice**

On August 2, 2019, Plaintiff filed a "Motion to Rule Ex Parte" (Doc. 7). The handwritten motion is difficult to read, but it appears to state, in its entirety:

> The Complaint is of less protection under Arizona law and the Defendant is asking for protection under U.S. Federal law wherein Interim Injunction is given as relief while Investigation of Fair Housing Act Complaint. Complaint to U.S. Attorney Governor Phoenix has been submitted. This is my true statement.

(Doc. 7.)

On August 6, 2019, Plaintiff filed a supplement to the motion, attaching a letter from the Office of the Arizona Attorney General which states that the Civil Rights Division received Plaintiff's housing discrimination complaint and anticipates that investigation will conclude within 100 days of the date when Plaintiff filed the complaint. (Doc. 8 at 4.) Plaintiff stated in the supplement that "immediate injunction can be given in relief." (*Id.* at 1.)

Although the motion does not clearly indicate what relief is sought, the Court infers that it is intended to be a request for a TRO preventing Defendants from evicting Plaintiff.

A request for a TRO is analyzed under the same standards as a request for a

preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.") (citation omitted). A plaintiff seeking a preliminary injunction must show that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (citation omitted). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Here, it does not appear Plaintiff will succeed on the merits—indeed, the complaint is being dismissed for failure to state a claim. *See, e.g.*, *Burleson v. Sec. Properties Residential, LLC*, WL 3046412, *1 (W.D. Wash. 2018) ("Plaintiff provides no evidence that links [Defendants' alleged conduct] to her race or disability and makes no effort to show that she is likely to prevail upon her discrimination claims. Plaintiff's motion for injunctive relief is therefore DENIED.").

As to irreparable harm, generally "the loss of one's home is sufficient to satisfy this element." *de la Rocha v. Wells Fargo Bank, N.A.*, 2011 WL 5237755, *1 (E.D. Cal. 2011) (citing *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150 (9th Cir. 2011) (holding eviction of Section 8 housing tenants constitutes irreparable injury); *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n,* 840 F.2d 653, 661

(9th Cir. 1988) (holding threatened foreclosure presented an "immediate, irreparable injury"). However, Plaintiff has provided no facts whatsoever demonstrating that the irreparable harm is *immediate*—for example, Plaintiff has not indicated when and how he will be evicted.

The Court has little information from which to determine how the balance of equities tips, but it does appear that Plaintiff delayed for many weeks before seeking an emergency TRO. This is not the proper way to present a claim for emergency relief based on an alleged threat of imminent, irreparable injury. *Cf. Ruvalcaba v. Citibank*, 2012 WL 12878654, *2 (C.D. Cal. 2012) (citation omitted) ("To justify *ex parte* relief, 'it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.' . . . In this case, the Court finds that Plaintiff unreasonably delayed in seeking relief, and that the emergency that allegedly justifies a TRO is self-created."); *Tachiquin v. HSBC Bank USA, Nat'l Ass'n*, 2012 WL 12882887, *2 (S.D. Cal. 2012) ("Although the Court is sensitive to the harm caused by being evicted from one's residence, the Court is at a loss to see how the harm specified can be remedied by the Court, or why Plaintiffs have delayed in filing the current action.").

It is also unclear whether an injunction would be in the public interest. The materials attached to the complaint suggest Plaintiff "made a threat to shoot the landlord's agents and associate parties." (Doc. 1-1 at 2.)

Additionally, when a plaintiff requests a TRO *without* notice, as Plaintiff does here, two additional requirements are applicable. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Here, Plaintiff has not demonstrated the immediacy of the injury and has not made

a clear showing of insufficient time for the adverse party to be heard. Additionally, Plaintiff has not certified in writing any efforts made to give notice and the reasons why notice should not be required.

Thus, Plaintiff's "Motion to Rule Ex Parte" (Doc. 7), which the Court construes as a motion for a TRO, is denied without prejudice.

Accordingly,

**IT IS ORDERED** that the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed** with leave to amend no later than **September 11, 2019.** The amended complaint must be neatly handwritten or typed. If the amended complaint is illegible, this may result in dismissal for failure to follow this Order and/or for failure to state a claim on which relief may be granted. If Plaintiff fails to file an amended complaint by September 11, 2019, the Clerk of Court shall dismiss this case without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Rule Ex Parte" (Doc. 7), which the Court construes as a motion for a TRO, is **denied**.

Dated this 7th day of August, 2019.

Dominic W. Lanza
United States District Judge